Dunkin, Oh.
delivered the opinion of the Court.
It is too long and too well settled to be now called in question, that a debtor has the right to make a preference among his bona fide creditors. Nor is it any violation of the statute 13 Eliz. c. 5, that this preference is given by confession of judgment, as was ruled by the King’s Bench in Holbird vs. Anderson, (5 T. R. 235). Nor is the judgment void because confessed for a larger sum than the amount actually due. Bank of Georgia vs. Higgenbottom, (9 Peters, 48). It has been repeatedly held, too, that a judgment, or other security, may he taken for future responsibilities, or future advances. Chancellor Kent expresses the opinion that this doctrine should be taken with the limitation that, where a subsequent judgment or mortgage intervened, further advances after that period could not be covered.
The policy of permitting such preferences, and especially of creating liens so uncertain, and, in some sort, ambulatory, has been frequently called in question. Some judges have declared that, if the subject were res integra, a different rule would be adopted. All the cases, however, hold that the transaction must be marked by good faith, an honest determination to secure the just rights of a creditor; and that it be not a mere cloak to secure the property of the debtor, or to protect it from the claims of his other bona fide creditors. It would be a mockery of justice to hold the transaction valid, because one creditor was secured by a scheme, the leading purpose of which was to defeat and defraud all the other creditors. The inquiry in this, and in all similar cases, is as to the true intention of the parties; and in solving this in *411 quiry all the circumstances are to be considered. In itself, it is no fraud to take a judgment for a larger amount than is actually due. The amount may not he ascertained, or may not, at the time, he susceptible of accurate statement. But why take the judgment for an amount three times greater than any sum supposed to be due, and with a minuteness of dollars and cents, which holds out the appearance that an account of indebtedness had been taken, and the amount due accurately ascertained and adjusted at that precise sum? Why was this delusion continued even to the day of sale of the debtor’s property, and no intimation given, either on the record, or otherwise, that the judgment was, to a great extent, fictitious? But it is not proposed to repeat, or enlarge upon, the observations made in the decree. The Court did not doubt that something was due by John G. Free to both his co-defendants, and that one of the objects of the judgment was to secure that indebtedness, but justice must be hoodwinked not to perceive that the debtor had other and ulterior purposes to answer, which formed a principal consideration for his conduct, and to which his co-defendants were necessarily privy. The decree of the circuit Court does not impair the original contract of indebtedness, but only declares void the security thus unlawfully obtained.
The principal, and perhaps the only ground of appeal is that the Chancellor should have permitted the judgment to stand for the amount actually and bona fide due by the debtor, John G. Free. This question has been heretofore very fully considered in our own Courts, and the cases of Miller vs. Tolleson, (Harp. Eq. 145;) Fryer vs. Bryan, (2 Hill Ch. 56,) and Baker vs. Holmes, (2 Hill Ch. 95,) have definitively settled that, when a judgment or other security is successfully impeached for reasons of this character, it cannot be allowed to stand for any purpose prejudicial to the rights of the other creditors.
It is ordered and decreed that the appeal be dismissed.
Johnston, Dargan and Wardlaw, CC. concurred.

Appeal dismissed.