### FINLEY, RECEIVER, v. MOORE.

1. ASSIGNMENT—FRAUD—PAROL TRUST.—A conveyance by an insolvent debtor within ninety days of an assignment, in pursuance of a parol trust, the grantee having paid the purchase money of the conveyance to the insolvent, is not within the prohibition of the assignment act.
2. IBID.—IBID.—A conveyance made within ninety days of the execution of a deed of assignment held to be void, is not within the prohibition of the assignment act.
3. FRAUDS—STATUTE OF—PAROL TRUST.—An insolvent defendant is under no obligation to his creditors to plead the statute of frauds against a parol trust.
4. IBID.—WAIVER—IBID.—THE STATUTE OF FRAUDS may be waived, and is waived by execution of a deed pursuant to a parol trust.

Before KLUGH, J., York, April, 1898.    Affirmed.

Action to set aside conveyance by D. E. Finley, as receiver of A. Y. Cartwright & Co., and of A. Y. Cartwright and W. M. Allison as individuals, against Walter B. Moore and A. Y. Cartwright. From judgment dismissing complaint, plaintiff appeals.

*Mr. W. B. McCaw,* for appellant, cites: *Error to admit parol testimony to show different consideration than that expressed in deed:* 53 S. C., 483; 42 S. C., 8; 31 S. C., 259. *Assignment act was not directed against frauds, but against*

*preferences:* Rev. Stat., 2146, 2147; 23 S. C., 396, 426; 32 S. C., 494. *In absence of allegation of fraud it is error to show by parol a different consideration than one expressed:* 1 McC., 516; 53 S. C., 485. *Cartwright could not execute the parol trust after insolvency was known to himself and grantee:* 29 S. C., 393; 46 S. C., 157.

*Messrs. Witherspoon & Spencer* and *Thomas F. McDow,* contra. *Mr. C. E. Spencer* cites: *This was no fraud against grantor's creditors—none under Elizabeth:* 44 N. Y., 107; 32 N. Y., 629; 65 Penn., 89; 11 Ired., 327; 3 Pick., 205; 71 A. D., 645. *None under assignment act:* 29 S. C., 393; 46 S. C., 157. *Want of record does not make any difference under the act:* 33 S. C., 451; 26 S. C., 431.

May 23, 1899. The opinion of the Court was delivered by

MR. JUSTICE JONES. Appellant seeks to set aside as void, under the assignment act, section 2147, Revised Statutes, a deed by defendant, Cartwright, to defendant, Moore, of an undivided half interest in a lot within the corporate limits of Yorkville, on the ground that said deed was executed by an insolvent debtor to his creditor, who had knowledge of the debtor's insolvency, with a view to give an unlawful preference, and within ninety days previous to the making of an assignment for the benefit of creditors. The facts found by the Circuit Judge are as follows: "The said deed was made under the following circumstances: Just prior to October 5th, 1893, the defendants verbally agreed that the land described in the deed and in the complaint should be purchased by them as tenants in common, in equal shares, for the sum of $575, but with the understanding between them that the conveyance should be to the defendant, A. Y. Cartwright, and held until such a time as a deed might be requested." The purchase money was evidenced by a note for $575, dated October 5, 1893, payable January 1, 1894, by A. Y. Cartwright to Margaret Ann McElwee and Sallie

E. Faulkner, the payment of which was guaranteed by the defendant, W. B. Moore, and J. H. Riddle, the latter being informed of the real relation between the defendant touching the purchase as found by the Court. "On the day named the deed was made accordingly, neither the grantors nor the creditors having any knowledge of this agreement. At this time, and up to a period within ninety days of February 1st, 1894, both parties honestly supposed that the defendant, A. Y. Cartwright, was solvent. On the day of the date of the deed sought to be set aside, and after they both had ascertained that the defendant, A. Y. Cartwright, was insolvent, and after he had informed Moore that he was afraid it would become necessary for him to make an assignment, A. Y. Cartwright made the deed conveying to W. B. Moore a half interest in said land, for no other reasons than to carry out his part of the agreement herein before recited. W. B. Moore furnished his one-half of the purchase money, but no money was paid by him until January 20th, 1894, on which day himself and Carrie J. Cartwright raised the entire amount, on receipt of which the payees of the note" assigned the same to Carrie J. Cartwright and W. B. Moore. "Subsequently, on the 1st day of February, 1894, A. Y. Cartwright made a general deed of assignment to Thomas F. McDow. This deed of October 5th, 1893, was made between the date of the claim of the oldest creditor and that of the youngest creditor, for whose benefit this action has been brought." Thereupon the Circuit Judge concluded as matter of law that "A. Y. Cartwright did not violate any of the rights of his creditors, either under the assignment act or otherwise, but he did what he had a legal right to do, and what in conscience he was bound to do. He was under no obligation to plead the statute of frauds;" and accordingly he dismissed the complaint.

We concur in the findings of fact by the Circuit Court. It being established as a fact that Cartwright conveyed to Moore pursuant to the parol trust, and for no other reason, it follows that the conveyance was not with

a view to give Moore an unlawful preference, therefore, it was not within the prohibition of the assignment act. See the case of D. E. Finley, as receiver, &c., v. Carrie J. Cartwright et al., which was heard at the same time with this case, and involved the validity of a conveyance by Cartwright to his wife of a half interest in the premises, made on the same day the deed in question in this case was executed. In that case it was also ruled that, inasmuch as the alleged deed of assignment was void, a conveyance within ninety days previous to the void assignment was not within the inhibition of the statute regulating assignments.

The statute of frauds does not apply in this case. It was not pleaded, and the Circuit Court correctly held that Cartwright was under no obligation to plead such statute against the establishment of the parol trust. The statute may be waived, and the execution of the deed pursuant to the parol trust was a waiver. Bump on Fraudulent Conveyances, 250. The deed in question is not assailed for fraud at common law or under the Statute of Elizabeth. The attack is solely upon the ground that it is void under the assignment act, and this attack must fail for the reasons stated.

The judgment of the Circuit Court is affirmed.