## MANNING v. SCREVEN.

1. TRUST DEED—LIFE ESTATE.—A RESULTING TRUST does not arise in a trust deed when the grantee pays the purchase money, and takes to himself a life estate, in addition to a covenant on part of life tenant in remainder to furnish him a comfortable support during his life.

2. POWERS—LIFE TENANT.—UNDER TRUST DEED here, first life tenant had no estate to convey, but only power to appoint to uses.

3. WORDS AND PHRASES—TRUST DEED.—"*Convey*" in trust deed construed to mean "*appoint.*"

4. TRUST DEED—MORTGAGES.—THE POWER to appoint to uses conferred by trust deed may be executed in a mortgage.

5. POWERS.—A TRUST DEED must be construed in the light of the purposes for which it was executed; and where there is still doubt, the acts of the donor and donee of the power become relevant to show the intent, and this deed so construed includes the power to mortgage.

6. CASES DISTINGUISHED.—*Bentham* v. *Smith,* Cheves Eq., 33; *Creighton* v. *Clifford,* 6 S. C., 188; *Salinas* v. *Pearsall,* 24 S. C., 184, and *Allen* v. *Ruddell,* 51 S. C., 367, distinguished from this.

Before GARY, J., Sumter, April, 1898.    Reversed.

Foreclosure by Richard I. Manning against the heirs at law of Frances Knox.    From Circuit decree, plaintiff appeals.

*Messrs Haynsworth & Haynsworth,* for appellant, cite: *Power of sale includes power to mortgage:* 2 DeS., 460; 52 S. C., 369; 14 Gratt., 96.    *Mortgage was a delegation of power to appoint to uses:* 27 S. C., 313.    *The declaration of uses in the deed of 1881 in favor of the heirs of Frances was not a limitation to them as purchasers:* 51 S. C., 555; 4

Rich. Eq., 475; 10 Rich. Eq., 495; 42 S. C., 390; Bail. Eq., 517; 44 S. C., 503.

*Messrs. Lee & Moise,* contra, cite: *Since the act of 1791, a mortgage in this State is not a conveyance:* Rev. Stat., 1893; 26 S. C., 401. *As to what instruments are mortgages:* 1 McM. Eq., 13; 50 S. C., 169; 43 S. C., 39; 27 S. C., 70. *Powers must be strictly construed and so executed and carried out:* 14 S. C., 535; Cheves Eq., 33; 1 Rich. Eq., 324; 14 S. C., 535; 1 McC. Ch., 393; 6 S. C., 188; 3 S. C., 77; 28 S. C., 545; 43 S. C., 266; 51 S. C., 367; 42 S. C., 175; 24 S. C., 184. *This is not a case for application of doctrine of resulting trusts—the heirs of Frances took as purchasers under the trust deed:* 3 Strob. Eq., 66; 3 Rich. Eq., 158; 10 Rich. Eq., 358; 25 S. C., 292; 2 Rich. Eq., 53.

September 28, 1899. The opinion of the Court was delivered by

MR. JUSTICE JONES. This is an action to foreclose a real estate mortgage claimed to have been executed under a power conferred upon the mortgagor in a deed of trust. The Circuit Court held that the mortgage was not authorized under the power, and so dismissed the complaint. The appeal involves the construction of the trust deed. This deed was executed in 1881 by Johnson J. Knox to William D. Blanding, his heirs and assigns, and conveyed the mortgaged lands, "In trust, nevertheless, for the said William D. Blanding and his heirs for the use of the said Johnson J. Knox for and during his natural life, and after his death leaving the said Frances surviving him, for the use of the said Frances Knox, her heirs and assigns, forever, freed from all trusts and limitations. But should the said Johnson J. survive the said Frances, then upon the death of the said Johnson J. Knox, to and for the use of such person or persons upon such terms and in such parcels as the said Frances Knox shall by her deed, duly executed, convey the same, or by her last will and testament, made according to law and

duly probated, appoint, devise and declare. But should the
said Frances fail to make such a deed or such her last will
and testament, then to and for the use of the heirs at law of
the said Frances Knox, they taking as they would take under
the statute of distributions of the said State, if the said
Frances had then died intestate, seized of said tract of land.
Provided, however, if the said Frances shall execute such a
deed or last will and testament, and in the same declare any
uses or trusts, then the said William D. Blanding shall be
relieved from all duty and responsibility as trustee here-
under, or under such deed or last will and testament as she
may execute." The consideration of this deed was the re-
lease and satisfaction by Frances Knox of a judgment for
$1,169.61 in her favor against Johnson J. Knox, which is
recited in connection with the statement in the trust deed
that "the said Frances is minded with the said debt to have
some certain provision for a home for herself." It is also
recited in the trust deed that Johnson J. Knox had on the
same day executed and delivered to Frances Knox a cove-
nant binding himself to maintain and support and provide
a comfortable home for her during his life, if she shall so
long live, upon the tract of land free of all cost and charges.
In 1891, in order to secure a loan of money to them by
Richard I. Manning, the plaintiff, Johnson J. Knox, and
Frances Knox executed the mortgage sought to be fore-
closed herein, which, in addition to the usual terms of con-
veyance by way of mortgage, contained the following:
*"Now, for the purpose of further securing the payment of
the said sum* of two hundred dollars and the interest (the
indebtedness above referred to) and in consideration of the
premises, and also in consideration of the sum of five dollars
to me, the said Frances Knox, by the said Richard I. Man-
ning (agent) paid, I, the said Frances Knox, under and by
virtue and in the exercise of the power to declare uses above
referred to, do declare, that should the said Johnson J. Knox
survive me, and should a sale of the said land be made under
judgment for foreclosure of the above mortgage and sale

of said land for payment of said indebtedness, then that the
said land shall be held, from and after the death of the said
Johnson J. Knox (which is the time to which the power
hereby exercised refers) to and for the use of the purchaser
or purchasers at such sale, and his, her or their heirs and
assigns, forever.    But if the said Johnson J. Knox survive
me, and if at his death, he surviving me, the said land should
not have been sold under judgment as above referred to,
then that the said land be held to and for the use of the said
Richard I. Manning (agent) and his heirs and assigns, until
the rents and profits thereof shall pay and discharge the said
indebtedness and interest, and all expenses of administering
the same, and from and after that time for the use of such
person or persons, and in such estate or estates, as I may
hereafter, by deed, or by last will and testament, designate
and appoint, with full power, however, to the said Richard
I. Manning (agent), his heirs, executors, administrators or
assigns, to sell the said land and convey the same to the pur-
chaser, in which case the said land shall be held to the use of
such purchaser, and his or her heirs and assigns, forever, in
fee simple absolute, discharged of all trusts and uses, and
any surplus of the proceeds of sale, after discharging said
indebtedness and interest and expenses, shall be held to and
for the use of and be paid to such person or persons as I may
by deed or will designate and appoint; it being the intention
of all the parties to this instrument to subject all their in-
terests and estates in said land and all the interests and
estates which may be created to or in the same by the said
Frances Knox by appointments to uses *to the payment of the
said indebtedness and interest.* · But if the said indebtedness
and interest should be paid otherwise than by sale of said
land, then the above appointments and declarations of uses
shall, *ipso facto,* be revoked, and the power to declare other
uses is in such case reserved to the said Frances Knox."
Johnson J. Knox and Frances Knox are both dead.    John-
son J. survived Frances.    Frances died intestate, and never

6—56

made any appointment or declaration of uses other than contained in said mortgage.

After reciting the facts in accordance with the foregoing statement, the Circuit Court disposed of the case as follows: "The contention of the defendant is that there being no power conferred upon either J. J. Knox or Frances Knox to mortgage this land, that the mortgage is void, and that, therefore, the Court cannot decree a foreclosure as prayed for, and sale of the mortgaged premises. It is not denied that J. J. and Frances Knox could mortgage or assign their life estate, but it is insisted that the mortgage died with them, and the fee which has become vested in these defendants cannot now be sold under foreclosure proceedings to pay the debt of the Knoxes secured by the lien of the mortgage. The power to mortgage, if it existed, is derived from the trust deed. That deed is the foundation of the authority to execute said mortgage, and if it appears that the trust deed conferred no such power, then I take it that the mortgage must fall. The whole issue in the case may be summed up in the question: Did the trust deed to Blanding confer upon the Knoxes the power to execute this mortgage, and if it did not, is not such mortgage void? It is abundantly settled by the authorities in this State that powers are to be strictly construed and must be executed and carried out as directed by the instrument creating the power. *Bilderback* v. *Boyce,* 14 S. C., 535; *Creighton* v. *Pringle,* 3 S. C., 77; *Blount* v. *Walker,* 28 S. C., 545; *Salinas* v. *Pearsall,* 24 S. C., 184." After quoting from the cases of *Ballou* v. *Young,* 42 S. C., 175, and *Allen* v. *Ruddell,* 51 S. C., 371, the Court adjudged the mortgage void for want of power in the mortgagor.

The exceptions, nine in number, present practically two questions: 1. Whether, under the doctrine of resulting trusts, Frances Knox, having paid the consideration for the deed of 1881 to Blanding, had an equitable estate in fee, in remainder, after the life estate of Johnson J. Knox, which became bound by the mortgage. 2. Whether the mortgage

or deed of 1891 can fairly be construed as within the power conferred in the trust deed of 1881.

First. We do not think the doctrine of resulting trusts has any application in this case. A resulting trust arises in favor of one who pays the purchase money of an estate and takes title in the name of another, because of the presumption that he who pays for a thing intends a beneficial interest therein for himself, but this presumption cannot arise when a contrary intent appears, since it is based on the absence of evidence of such contrary intent. Perry on Trusts, sec. 124; Adams Equity, 7 ed., pages 33, 34. In this case the trust deed expressly defines the estate intended for Frances Knox, and it further appears that the consideration paid by her secured, also, an independent covenant by the life tenant to provide for her a comfortable home and support on said land during her life or until the death of the life tenant.

Second. The language conferring the power of disposition is very broad and comprehensive: "but should the said Johnson J. survive the said Frances, then upon the death of said Johnson J. Knox, to and for the use of such person or persons upon such terms and in such parcels as the said Frances Knox shall by her deed, duly executed, convey the same, or by her last will and testament, made according to law and duly probated, appoint, devise and declare." Is the deed or mortgage in question within the power conferred? We are constrained to think that it is. It will be noticed, in the first place, that the deed in question is more than a mere mortgage. In addition to the terms usual in a mortgage are other declarations, as follows: "But if the said Johnson J. Knox survive me, and if at his death, he surviving me, the said land should not have been sold under judgment as above referred to, then *that the said land be held to and for the use of the said Richard I. Manning and his heirs and assigns, until the rents and profits thereof shall pay and discharge the said indebtedness and interest, and all expenses of administering the same, and from*

*and after that time for the use, &c."* A power is defined by Chancellor Kent as "a mere right to limit a use." Here we have an express appointment to the use of the plaintiff until the happening of a particular event, the payment of the mortgage debt by the rents and profits, and after that time to such use as the donee may appoint; and the appointment is, by one of the modes prescribed, a deed duly executed. This appointment is a species of conveyance and comes within the meaning of the term "convey." In construing this term it must be remembered that the *legal* estate was in the trustee, Blanding, and, viewing the matter as the mere execution of a power, Frances Knox had no *equitable* estate to convey. So that, strictly speaking, she could not have *conveyed* any estate even by a regular and formal deed of conveyance, as no deed she could make would have acted directly on the estate or possession. Her right was the power of appointment to uses which, when exercised in the mode prescribed by deed or will, operated as a limitation of a use in favor of the person named by her. 2. Wash. Real Prop., 590. When, therefore, the donor used the word "convey" he meant "appoint," which would have all the legal force and effect of the word "convey" in the connection used. The power conferred was a general power of appointment by deed or will, the usual modes by which uses are declared. In the case of *Peace* v. *Speirin,* 2 DeS. Eq., 461, a deed conveyed certain premises in trust for the use of Thomas Speirin and Elizabeth LaLiffe during their joint lives, and on the death of either of them, one moiety to be subject to his or her last will and the other moiety to the last will of the survivor, and in default of such last will *or other legal appointment,* to their respective right heirs. The Court held that a valid legal appointment could be made by mortgage.

But, further, we must construe the instrument creating the power in the light of the purpose for which it was created, in order to reach the intent of the donor as to the extent of the power and the mode of execution. Frances Knox

was given unlimited power to convey or appoint the use in the equitable estate in remainder by deed or will, to any person, for anything or nothing, at discretion and without accountability, and in the absence of the exercise of such power, the remainder vested in her heirs at law, as if she died intestate seized of the property. She was the purchaser of the power which was created for her benefit alone. The power was both general and beneficial, and had no trust whatever attached to its exercise. Such unlimited beneficial power of disposal, and the vesting in her heirs at law in case of the non-exercise of the power, very strongly suggests such a construction as would create in Frances Knox a vested, rather than contingent estate in remainder, which would, of course, sustain the power to mortgage as an incident of ownership. This point, however, was not discussed and need not be decided now. Perhaps the same rule would apply in this matter as in the case where an estate is expressly limited to one for life, with power of appointment by deed or will, in which case the life estate is not enlarged into an estate in fee—*Sires* v. *Sires,* 43 S. C., 272—which construction is regarded as well settled, although it is confessed to rest on narrow ground. We note the matter, however, to emphasize the statement that when it so clearly appears that the purpose of the donor in creating the power was solely for the benefit of the donee, whose interest might reasonably require the giving of a mortgage as the result shows, it cannot be fairly said that such general power of appointment, having well night the attributes of property, shows any intention to exclude the power to mortgage. It is true that, under the act of 1791, a mortgage is not a conveyance of an estate, but is a mere lien for the debt. But while that is the *legal effect* of a mortgage, it is, nevertheless, *in form* a conveyance on condition. The complaint speaks of the mortgage as "a conveyance by way of mortgage." Such an expression is common and, notwithstanding the effect of the act of 1791, we constantly meet with the expression, "equity of redemption," as if the mortgagor had con-

veyed something to be redeemed. These terms, of course, are not accurate but they are in common use. It would seem entirely too rigid to hold, that the donor intended to exclude the power to mortgage, merely because in technical meaning the legal effect of a mortgage is not a conveyance in this State. If there be a doubt whether the power to mortgage was intended to be included, the subsequent acts of both the donor and donee of the power, became relevant to show the real intention. *LeRoy* v. *Beard,* 8 How., 468. In this case we have the very unusual circumstance of both donor and donee in good faith uniting in the mortgage, thereby showing their understanding that the general power of appointment included power to mortgage, and thereby appoint.

This view is not in conflict with any case in this State, so far as we have been able to ascertain. The case of *Bentham* v. *Smith,* Cheves Eq., 33, decides that a power to appoint by *will* is not executed by a mortgage to creditors with foreclosure and sale. In that case, the power was limited to a specific mode of execution; in this case, the power and mode of execution are general. Several cases, as *Creighton* v. *Clifford,* 6 S. C., 188; *Salinas* v. *Pearsell,* 24 S. C., 184; *Allen* v. *Ruddell,* 51 S. C., 367, decide that a power to sell *for reinvestment* does not confer a power to mortgage. These cases are properly decided on the ground stated by Chief Justice McIver, in the last case above, that a power of sale *for reinvestment* negatives a power to mortgage. A sale for reinvestment and a mortgage to secure a debt are wholly inconsistent. These cases illustrate what has been heretofore decided in this State. In 18 Enc. Law, 940, numerous cases are cited in the note to sustain the doctrine of the text, that "power to sell does not confer a power to mortgage." It is sufficient to say that the power under consideration is not a mere power to sell. Such of the cases cited, that we have been able to examine, involved either the power of an agent to sell, or a power to sell was limited, or coupled with a trust which could be defeated

by a mortgage, and do not apply in this case, where the power was created solely for the donee, is general, and without semblance of trust.

On the other hand, we will refer to two cases illustrative of our view. In the case of *Hicks* v. *Ward* (N. C.), 12 S. E. Rep., 318, the Court held that a devise to testator's son, in trust for such person or persons and use or uses as he shall by deed or will appoint, and, until and in default of such appointment in trust, for the sole and separate use of the devisee's wife for life, with remainder over to her children, confers upon the devisee a general power of appointment which he could execute by a mortgage. In the case of *Kent* v. *Morrison* (Mass.), 10 L. R. A., 756, the Court held that where an estate is devised to one for life, with power to sell and convey the same by deed (part or all of it), the proceeds to be used for the devisee's comfort and otherwise as he may think proper, the power may be exercised by the execution of a mortgage. We quote from the language of the Court: "When the intention in giving the power is that real estate may be converted out and out into money, such power does not authorize a mortgage. Where a life estate was given for maintenance, with a power 'to sell and convey any and all of my real estate, if necessary to secure the maintenance,' it was held that it did not authorize a mortgage. *Hoyt* v. *James,* 129 Mass., 286. The power in the present case is to sell and convey the same by deed (part or all of it), and the proceeds are to be used for her comfort and otherwise, as she may think proper. This is a power to sell for any purpose, and to use the proceeds in any manner the devisee may think proper. Under it the devisee may sell all or any parcel of the real property, and make the proceeds her own, whether necessary for her support or not, such a power is as ample as that of an owner, only it must be executed by deed. It is an absolute and unrestricted power to sell for the benefit and in the discretion of the devisee of the power, and we think includes a power to mortgage. See *Zane* v. *Kennedy,* 73 Pa., 182; *Locben-*

*thal* v. *Raleigh,* 36 N. J. Eq., 169." It does not weaken the force of the above cases to note that in North Carolina and Massachusetts, a mortgage retains some of the elements of a sale or conveyance on condition. The cases rest upon broader ground.

The judgment of the Circuit Court is reversed, and the case remanded for further proceedings.