6710

## BELL v. EDWARDS.

1. RESULTING TRUST.—An allegation of an agreement to reconvey upon certain conditions negatives the idea of a resulting trust.

2. EVIDENCE—PAROL.—AN EXPRESS TRUST cannot be established by parol evidence. A writing to evidence a trust or acknowledgment thereof must manifest a previous trust. Entry on auditor's book at instance of owner "sold to Mrs. B."; a letter offering to sell the land at a certain price, "the heirs all agreeing," and a letter withdrawing the proposition after acceptance, explaining the offer was a mere gratuity to the parties named as to which the writer had changed his mind, are not sufficient to create an express trust.

3. IBID.—IBID.—A RESULTING TRUST may be established by parol evidence, but when the proposed parol testimony shows an agreement beyond what the law would imply, it involves an express agreement inconsistent with a resulting trust. Kind of parol evidence required to establish a resulting trust stated. That a judgment creditor bid off a tract of land sold under his judgment, assigned his bid to another and permitted him to use his judgment to in part pay for the land, tends to show the judgment creditor intended to make the purchaser his debtor rather than to create a resulting trust.

Before DANTZLER, J., Abbeville, October, 1906. Affirmed.

Action by R. O. Bell against Janie Edwards and A. B. Edwards, in their own right and as administrators of John G. Edwards *et al.* From Circuit decree, plaintiff appeals.

*Mr. Wm. N. Graydon,* for appellant, cites: *There is suffi-
cient evidence to show the trust:* 1 McC. Ch., 130; 1 Strob.
Eq., 363; 12 Rich. Eq., 213; 52 S. C., 388. *On the subject
of resulting trusts:* 51 S. C., 37; 59 S. C., 467, 283; 25 S.
C., 309; 26 S. C., 231; 27 S. C., 39; 31 S. C., 60; 32 S. C.,
590; 38 S. C., 410. *Action is not barred by statute of limi-
tations and adverse possession:* 2 McC. Ch., 143; Perry on
Trusts, sec. 864; 35 S. C., 422; 10 Wheat., 174; 68 S. C.,
250. *Counterclaim set up by administrators is barred by
statute and presumption of payment:* 14 S. C., 104; 17 S.
C., 481; 3 Strob., 450; 22 S. C., 585; 1 Hill Ch., 380; 3
Strob., 500; Angel on Stat. Lim., sec. 931.

*Messrs. M. P. DeBruhl* and *Wm. P. Greene,* contra. *Mr.
DeBruhl* cites: *What is necessary to show a resulting trust:*
15 Ency., 1132; 19 S. C., 135; 17 Wall., 59; 4 DeS., 516;
10 S. E. R., 1079. *The papers introduced here show there
was never an intention that Edwards should hold the land
for Mrs. Bell:* 15 Ency., 1137. *There is no resulting trust
where a deed is executed in pursuance of a written agree-
ment:* 15 Ency., 1126; 70 S. C., 356; 109 Ill., 40. *To create
a resulting trust purchase money must have been paid at
time of purchase:* 15 Ency., 1144-5; *and not loaned:* 15
Ency., 1149, 1142, 1154; 138 U. S., 1091. *Complaint alleges
an express trust which can only be created by writing, and
which will defeat a resulting trust:* 15 Ency., 1155, 1173;
15 S. E. R., 965. *Statute of limitations runs in favor of a
trust raised by operation of law:* 15 S. C., 164; 2 Rich. Eq.,
267; 15 Ency., 1205-6; 109 Ill., 45; 25 S. E. R., 43. *Rule
that statute does not run against express trust does not apply
to resulting trusts:* 1 Ency., 813; 1 Cyc., 1065; McM. Eq.,
134; 21 S. C., 126; 24 S. C., 99.

*Mr. Greene* cites: *Memoranda of account between Mrs.
Bell and Edwards was admissible as part of res gestae:* Gil-
lett on Ind. and Col. Ev., sec. 286; 73 S. C., 101; Wigmore
on Ev., sec. 1078; Green. on Ev., secs. 115-6; 9 Ency., 901.

*Correspondence had with a view to a compromise is inadmissible:* 56 S. C., 96; Green. on Ev., sec. 192. *No resulting trust is alleged:* 15 Ency., 1193; 63 Am. Dec., 422. *There is no proof of an express trust:* Code 1902, 2583; 37 S. C., 324; 52 S. C., 393; 57 S. C., 162; 11 S. C., 34; 2 S. C., 239. *The evidence here rebuts the presumption of a resulting trust:* 15 Ency., 1136-7, 1149; 56 S. C., 83; Perry on Trusts, sec. 24; 109 Ill., 40; Pom. Eq. Jur., sec. 1036. *Resulting trust can only be created by proof of actual payment of purchase money:* 15 Ency., 1146; 19 S. C., 126; Pom. Eq. Jur., sec. 1037. *Laches and acts of person paying consideration recognizing right of grantee to beneficial interest defeats resulting trust:* 15 Ency., 1137; 9 U. S., L. Ed., 1071; 12 Ves., 376; 1 J. & W., 58; 9 Am. St. R., 523; 79 Va., 468; 82 Va., 383. *There is no resulting trust where there is an intent to defraud creditors:* 32 S. C., 596; 15 Ency., 1203; 46 Am. St. R., 511, 513.

November 28, 1907. The opinion of the Court was delivered by

Mr. Justice Jones. The plaintiff seeks in this action to have a trust declared for the heirs of Elizabeth Bell, deceased, in the tract of land described in the complaint. On December 3, 1877, J. E. G. Bell, father of plaintiff and of defendants, J. H. Bell, Rosa Gregory, W. E. Bell, Georgia Baskin and Janie Edwards, being indebted to sundry parties, among whom were his wife, Elizabeth Bell, and the firm of Wardlaw & Edwards, who were judgment creditors; the tract of land in question was sold on that day by the sheriff of Abbeville County to Mrs. Elizabeth Bell for the sum of sixteen hundred dollars. Subsequently Mrs. Bell assigned her bid to John G. Edwards, member of the firm of Wardlaw & Edwards, and husband of defendant Janie Edwards. The sheriff made deed of said tract of land to John G. Edwards, on February 21, 1878, who went into possession and continued in possession until his death in August, 1904.

Defendants J. H. Bell, Rosa Gregory, W. E. Bell and Georgia Baskin filed no answer. The other defendants answered, setting up various alleged defenses. The Circuit Court (Judge Dantzler) tried the case on testimony taken by the master, and held that neither an express trust nor a resulting trust had been established, and dismissed the complaint.

Plaintiff appeals upon numerous exceptions.

Without considering the exceptions *seriatim,* we will notice the controlling questions raised by the appeal.

1st. Properly construed, what is the nature of the trust alleged in the complaint? The allegations of the complaint pertinent to this inquiry are:

"That at the time said land was sold by said sheriff, the said Elizabeth Bell furnished to the said John G. Edwards the sum of nine hundred and five and 77-100 dollars to pay for the said land by allowing him to use the amount going to her on her execution under said sale in paying for said land, the said tract of land being paid for by the execution held by her, being credited with that amount, and execution of Wardlaw & Edwards being applied to said purchase money, the said execution was used by said John G. Edwards in part payment of said tract of land, and thereby a resulting trust was established in said land in favor of the said Elizabeth Bell to the extent of about two-thirds of its value.

"That said purchase money was paid by the said Elizabeth Bell in pursuance of agreement between her and the said John G. Edwards, that the said John G. Edwards should take a deed to the said tract of land and hold the same in his own name till certain moneys which he claimed he had advanced to the said J. E. Bell, the husband of Mrs. Bell, should be paid, and then that the said land should be conveyed to the said Elizabeth Bell."

We think the complaint alleges an express trust, as was held by the Circuit Court. It is alleged in paragraph two, above quoted, that there was a resulting trust in said land

in favor of the said Elizabeth Bell to the extent of about two-thirds of its value, but this is a mere conclusion of law and is followed by allegations in the third paragraph of an agreement that all the land should be reconveyed to Mrs. Bell upon condition. This negatives the idea of a resulting trust, because it shows an agreement different from that which the law would imply from the mere payment of a part of the purchase money.

"A resulting trust arises in favor of one who pays the purchase money of an estate and takes title in the name of another, because of the presumption that he who pays for a thing intends a beneficial interest therein for himself; but this presumption cannot arise when a contrary intent appears, since it is based on the absence of evidence of such contrary intent." *Manning* v. *Screvens,* 56 S. C., 83, 34 S. E., 22.

It is well settled that an express trust cannot be established by parol evidence (*Rogers* v. *Rogers,* 52 S. C., 393, 29 S. E., 812; *Pruitt* v. *Pruitt,* 57 S. C., 163, 35 S. E., 485), and we concur with the Circuit Court in the finding that there is not sufficient evidence of an express trust. The only writings in evidence urged as testimony supporting such trust are: 1st. The following entry made by the auditor of Abbeville County upon his duplicate books in February, 1903, in respect to the land in question, at the request of John C. Edwards: "Sold Mrs. E. Bell." This was a mere direction for the guidance of the auditor, is not an admission of a previous existing trust and was not "signed by the party," as expressly required by the statute.

The next writing relied on is that contained in the correspondence between John G. Edwards and J. J. Johnson during the month of October, 1903. It seems that Edwards contemplated a sale of the land and a division of the proceeds among the children of Mrs. Elizabeth Bell, and that a number of these children had met at his house and agreed that the land should bring five thousand dollars. Accordingly the land was offered for sale at auction at Abbeville,

on October 4, 1903, and having been knocked down to defendant James H. Bell at $3,375, there was dissatisfaction with the sale at such price, a controversy arose, and this correspondence ensued. In his letter of October 6, 1903, Johnson, on behalf of J. H. Bell, offered to sell Edwards his (J. H. Bell's) part for $1,000, to which Edwards next day replied: "Please say to Mr. Bell that we cannot accept his proposition, but would entertain a proposition on a basis of $5,000, all the heirs agreeing." This proposition was accepted by J. H. Bell through Johnson, but later the acceptance was withdrawn. Then Edwards wrote Johnson to the effect that he (Edwards) owned the land in fee, free from any claims whatever; that his offer of an interest in the proceeds of sale to the children of Mrs. Elizabeth Bell was purely voluntary, and that since they were disposed to seek litigation he stood strictly on his legal rights, as he had bought and paid for the land with his own money.

It is contended by appellant that the words "all the heirs agreeing," quoted above, constituted an admission in writing of an existing trust in favor of the Bell heirs. It is well settled that the writing, as evidence of a trust or acknowledgment thereof, must *manifest* a previous trust; *Barrett* v. *Cochran,* 11 S. C., 29; *Kennedy* v. *Gramling,* 33 S. C., 367, 11 S. E., 1081; and such is the language of the statute. Hence, mere vague and ambiguous words, capable of an inference which negatives a trust, cannot be regarded as a compliance with the statute.

In *Barrett* v. *Cochran, supra,* the instruments of writing relied on to create a trust were a deed to "A, trustee for B," and a bond and mortgage executed at the same time by and in the name of "A, trustee for B," with no further declaration of trust except that the condition of the bond was that the payment of the money should be "out of the estate which may be held by me as such trustee." This Court held that these instruments were not sufficient to prove a previously existing trust.

The evidence in the case at bar in support of the acknowl-
adgment of a trust is not so strong as in *Barrett* v. *Cochran,*
for here there is no reference to any trust and the writing
"all the heirs agreeing" is thoroughly consistent with the
later written declaration by Edwards in the same corre-
spondence that he intended to divide the proceeds of the sale
of the land among the children of Mrs. Bell merely as a
gratuity, so that these words may fairly be construed to
mean that in the distribution of such gratuity he desired to
consult the wishes of the heirs. We agree, therefore, with
the construction of these writings by the Circuit Court and
with his findings of fact that the offer made by Edwards
was a mere gratuity.

The foregoing is sufficient to dispose of the appeal in
this case, but as it is earnestly insisted that the complaint
should be considered as alleging a resulting trust,
and as the Circuit Court considered the complaint
from that standpoint also, we will not decline to so
view it. Thus considering it, was there sufficient evidence
of such trust? We think not. ·While a resulting trust may
be established by parol testimony in this State, such testi-
mony to warrant an inference of a resulting trust must be
"clear, strong, unequivocal, unmistakable, and must estab-
lish the fact of payment by the alleged beneficiary beyond a
doubt." *Catoe* v. *Catoe,* 32 S. C., 595. See also *Rogers* v.
*Rogers,* 52 S. C., 391, 29 S. E., 812.

The record in the case of *Elizabeth Bell* v. *J. E. G. Bell*
introduced in evidence shows the following receipt entered
on the execution book of Sheriff J. Y. Jones, page 52:
"$905.77. Rec'd of Sheriff Jones this day the sum of Nine
Hunded and Five and 77-100 dollars in this case. 21st
February, 1878. Signed J. G. Edwards, for Eliz. Bell."

The same record also shows this receipt entered on the
execution book of J. Y. Jones, page 19: "$675.75. Received
this day of Sheriff Jones the sum of Six Hundred Seventy-
five and 75-100 dollars, balance on our claim in this case.
Signed J. G. Edwards, for Wardlaw & Edwards."

The deed of conveyance to Edwards by the sheriff recites a receipt of a consideration of $1,600 from Edwards, and the following receipt given Edwards by the sheriff for that sum was introduced in evidence:

"1600. Received of John G. Edwards the sum of Sixteen Hunded dollars, being the purchase money of the James E. G. Bell place, containing five hundred acres, more or less, and sold 3rd Dec., 1877.

Titles made to John G. Edwards. Applied as follows:

Wardlaw & Edwards claim.. .. .. .. .. ..$675.75
Mrs. E. Bell .. .. .. .. .. .. .. .. .. .. 905.77
Amos Clark.. .. .. .. .. .. .. .. .. .. 18.50

$1,600.00
21st Feb., 1878.                    J. Y. JONES, S. A. C."

Even if it be conceded that the above receipts show Mrs. Bell permitted Edwards to use the proceeds of her judgment in settlement of the purchase price of the land, it is perfectly consistent with the idea that she intended to make Edwards her debtor to that extent and liable to account to her for his collection of the judgment. In none of the declarations which it is alleged Edwards made concerning this transaction did he ever state that Mrs. Bell paid any portion of the purchase money of this land, but on the contrary, in his letter of October 20, 1903, addressed to J. J. Johnson, already referred to, Edwards expressly declared that he paid for the land with his own money.

"The rule is well settled that where one person lends money to another to be used by the borrower in the purchase of land, no resulting trust arises in favor of the lender in the land purchased by the borrower, title to which is taken in the latter's name." 15 Ency. Law, 2nd Ed., 1149.

Furthermore, it appears that, on the day before the transaction above refered to between the sheriff and Edwards, Mrs. Bell assigned the bid of the land made by her, December 3d preceding, to John G. Edwards for

value received and directed the sheriff to make the same title to him he could have and should have made to her. We concur with the Circuit Court in the view that this instrument clearly shows that Mrs. Bell intended that the sheriff should convey to Edwards all the beneficial as well as the legal interest in the land. This negatives the idea that Mrs. Bell intended to reserve to herself any beneficial interest. Therefore, under the rules already stated, there was no resulting trust. *Manning* v. *Scrivens, supra.*

It is also worthy of mention that all the testimony offered by plaintiff to establish a trust was intended to show not such a resulting trust as the law would imply from the payment of a portion of the purchase money, i. e., to the extent of the payment, but the whole land is claimed under the alleged trust, notwithstanding the fact that Edwards admittedly paid a large part of the purchase money and paid a large prior incumbrance. While parol testimony is permissible to prove a resulting trust, when the proposed testimony shows an agreement beyond what the law would imply, it involves an express agreement inconsistent with a resulting trust.

In reaching these conclusions we have not considered the statement in writing of a settlement between Mrs. Bell and Edwards prepared about the time of the sale by T. C. Perrin, attorney for Mrs. Bell, to the introduction of which in evidence objection was made by appellant, since the conclusion of the Circuit Court is fully supported by other evidence in the case, the competency of which is not questioned.

The judgment of the Circuit Court is affirmed.