694

## UNITED STATES FIDELITY & GUARAN-TY CO. v. MILLS et al.

### No. 5309.

Circuit Court of Appeals, Fourth Circuit.

Dec. 18, 1944.

Fred D. Townsend, of Columbia, S. C. (Roger M. Heyward, of Columbia, S. C., on the brief), for appellant and cross-appellee.

G. L. B. Rivers, of Charleston, S. C. (Hagood, Rivers & Young, of Charleston, S. C., on the brief), for appellees and cross-appellants.

Before PARKER and SOPER, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal in an action instituted by the United States Fidelity & Guaranty Company against one Paul D. Mills and his three children to whom he had conveyed a plantation known as "Windsor" in Georgetown County, S. C. The purpose of the action was to obtain judgment against Mills for $20,000, the amount which plaintiff had been required to pay on an administrator's bond which it had signed as surety for him, to set aside as fraudulent the' deed which he had made to his children and to subject to the satisfaction of the judgment the plantation thereby conveyed to them. The court below rendered judgment against Mills for the amount claimed, but refused to set aside the conveyance, and plaintiff has appealed.

The facts with respect to the liability of Mills are that in December, 1927, he was appointed administrator of the estate of his deceased brother, giving bond with plaintiff as surety for the faithful performance of his duties. The net value of the estate was $200,000, which Mills lost through unfortunate investment in South American securities. As he was the sole beneficiary of the estate, the loss would have injured no one but himself, had it not been that the Commissioner of Internal Revenue made a deficiency assessment of estate taxes against the estate after its assets had been lost. Mills was unable to pay this assessment, as he was insolvent, and plaintiff, as surety on his bond, was accordingly called upon to pay it. The

deficiency assessment was filed against the estate on November 18, 1929. It was affirmed by the Board of Tax Appeals in February 1936. Plaintiff paid to the United States $20,000 in compromise of the liability on January 13, 1942.

The plantation which Mills conveyed to his children was conveyed to him by Emily R. Allston and others on July 30, 1929. The price paid for it was $60,000, of which $30,000 was paid in cash and $30,000 was evidenced by note secured by mortgage. Mills paid no part of the consideration, his wife Ellen Drexel Mills furnishing the funds to make the initial payment and to pay off the mortgage. The property was purchased with the wife's money for the benefit of the family and upon the understanding that title would be conveyed to the three children when the youngest came of age. It was conveyed to them by Mills in accordance with this understanding in December, 1935. Subsequently improvements were made on the property at a cost of around $200,000, which were paid for with funds furnished by Mrs. Mills. The facts with respect to the trust agreement under which Mills took and held title to the property until the conveyance to his children was established by parol testimony to which plaintiff objected; but the judge, who heard the case without a jury, accepted the testimony as credible and based his findings upon it. He made the following statement with respect to it in his opinion:

"* * * the sole question here is whether the conveyance made to Paul D. Mills was taken by him for convenience, and as testified to by himself and his wife, to be held for the benefit of the children; and particularly, whether their statement is true that the entire purchase price came from funds of Mrs. Mills and that Paul D. Mills never had any financial interest in the property at all and never contributed any money towards it. The testimony presented convinces me that such is the true story of this transaction. I hold that the parol evidence is admissible and that it is credible and sufficient to support the contention of the defendants and that the title to the property was taken in the name of Paul D. Mills impressed with a resulting trust and that he carried out the intention and direction of the party furnishing the money, namely, his wife, when he conveyed to their children; and that the conveyance was not fraudulent or in contemplation of evading payment of debts of the said Paul D. Mills, since he never really had any ownership or interest in the property and the same was never subjected to his debts."

The contention of plaintiff is that upon the facts as found by the court there was no resulting trust but an express trust, which under the statute of frauds could not be established by parol testimony. For the position that it is an express and not a resulting trust they rely upon Surasky v. Weintraub, 90 S.C. 522, 73 S.E. 1029; Bell v. Edwards, 78 S.C. 490, 59 S.E. 535; and Manning v. Screven, 56 S.C. 78, 83, 34 S. E. 22. Whether the trust is to be treated as a resulting or an express trust, however, it is not important to inquire, since in our opinion parol evidence is admissible to establish it here in either case. It is true, of course, that the seventh section of the Statute of Frauds is a part of the statute law of South Carolina. Code of Laws of South Carolina of 1942, § 9041. This, however, is not a suit to establish a trust but to set aside a conveyance alleged to be fraudulent under the statute of 13 Elizabeth, Code of Laws of South Carolina of 1942, § 8696; and the controversy is not between the holder of the legal title and the one claiming the trust but between creditors of him who formerly held the legal title and those to whom the property has been conveyed by him pursuant to the trust agreement. The evidence is offered as to the trust, not for the purpose of establishing it, but for the purpose of showing that the conveyance made in executing it was made upon an adequate consideration and for a proper purpose, and not for the purpose of defeating the claims of creditors. It is well settled that parol evidence is competent for such purpose and is not precluded by the statute of frauds. Gardner v. Rowe, 5 Russ.Ch. 258, 38 Eng. Reprint 1024; Moran v. Morgan, 2 Cir., 252 F. 719; Ferguson v. Winchester Trust Co., 267 Mass. 397, 166 N.E. 709, 64 A.L. R. 573 and note; Bailey v. Wood, 211 Mass. 37, 97 N.E. 902, Ann.Cas.1913A, 950 and note; Carver v. Todd, 48 N.J.Eq. 102, 21 A. 943, 27 Am.St.Rep. 466; 49 Am.Jur. pp. 901, 902; 37 C.J.S., Frauds, Statute of, §§ 239, 240, p. 741; 37 C.J.S., Fraudulent Conveyances, § 410, p. 1237. See also Bank of Georgia v. Higginbottom, 9 Pet. 48, 59, 9 L.Ed. 46; Miller v. Wroton, 82

696

S.C. 97, 63 S.E. 62, 449; Finley v. Moore, 55 S.C. 195, 33 S.E. 362.

■ In Moran v. Morgan, supra, where, as here, a conveyance by a father to his children was attacked under the statute of 13 Elizabeth and the defense was that the conveyance was made pursuant to a parol trust agreement, Judge Learned Hand, speaking for the Circuit Court of Appeals of the Second Circuit, laid down the rule here applicable in the following language [252 F. 722]:

"The case turns on the validity of the defense set up in the fourth article of the answer, which alleged a parol trust made at the time of the delivery of the deed, that the property should in effect be held in trust for the wife and children of Charles H. Morgan, and that trust under the statutes of New York was void. Real Property Law, § 242; Hutchins v. Van Vechten, 140 N.Y. 115, 35 N.E. 446. But it is nevertheless well settled that such parol trusts, although within the statute of frauds, are valid to support a conveyance which would otherwise be in fraud of creditors. The doctrine originated in a ruling of Vice Chancellor Leach in Gardner v. Rowe, 2 Sim. & St. 346, which Lord Eldon affirmed in 5 Russell 258, and his authority seems to have been sufficient to give the doctrine general currency in this country. Silvers v. Potter, 48 N.J.Eq. 539, 22 A. 584; Iauch v. De Socarras, 56 N.J. Eq. 538, 39 A. 370; Carver v. Todd, 48 N.J.Eq. 102, 21 A. 943, 27 Am.St.Rep. 466; Richmond v. Bloch, 36 Or. 590, 60 P. 385; Desmond v. Myers, 113 Mich. 437, 71 N.W. 877; Hays v. Reger, 102 Ind. 524, 1 N.E. 386; Davis v. Graves, 29 Barb., N.Y., 480; Dunn v. Whalen, G.T.5th Dept., 66 Hun 634, 21 N.Y.S. 869. Whatever may be thought of it on principle, we regard it as too well settled on authority to be disregarded, and, in so far as the case turns upon it, we feel constrained to hold that the fourth article of the defense, if proved, would be sufficient."

■ There is nothing in the South Carolina decisions to the contrary; and those decisions, so far as they are in point, sustain the rule as stated by Judge Hand and as laid down by Lord Eldon in Gardner v. Rowe, supra. Thus, in Miller v. Wroton, supra, it is held that the right to interpose the defense of the statute of frauds is personal to the party who has made the agreement said to be invalidated by it. In Finley v. Moore, supra, which involved an attempt to set aside a conveyance alleged to have been given to create a preference contrary to the provisions of a general assignment statute, it was held that, for the purpose of negativing an intent to give a preference, it could be shown that the conveyance was made pursuant to the provisions of a parol trust. The court said [55 S.C. 195, 33 S.E. 363]:

"The circuit judge concluded, as matter of law, that 'A. Y. Cartwright did not violate any of the rights of his creditors, either under the assignment act or otherwise, but he did what he had a legal right to do, and what in conscience he was bound to do. He was under no obligation to plead the statute of frauds,'—and accordingly he dismissed the complaint. We concur in the findings of fact by the circuit court. It being established as a fact that Cartwright conveyed to Moore pursuant to the parol trust, and for no other reason, it follows that the conveyance was not with a view to give Moore an unlawful preference. Therefore it was not within the prohibition of the assignment act. * * * The statute of frauds does not apply in this case. It was not pleaded, and the circuit court correctly held that Cartwright was under no obligation to plead such statute against the establishment of the parol trust. The statute may be waived, and the execution of the deed pursuant to the parol trust was a waiver."

■ If the evidence as to the parol trust is not excluded under the statute of frauds, there is nothing to do but affirm the decision below. Not only can we not say that the judge's findings of fact with regard thereto are clearly wrong, but a careful study of the evidence convinces us that they are right. They are certainly right if Mills and his wife were telling the truth; and, of course, the trial judge, who saw these witnesses and heard them testify, was much better able to judge of this than we are. Their statements are corroborated by the fact that within a short time after the conveyance Mrs. Mills expended large sums of money in making improvements on the property, which she would hardly have done if engaged in a scheme to defraud creditors.

For the reasons stated, the judgment appealed from will be affirmed, but this will

be without prejudice to the right of plaintiff to institute such other actions as it may be advised to recover on account of other property conveyed by Mills to his children, to which reference has been made in the case before us.

Affirmed.