WALTER A. BRIGGS, trustee, *vs.* ISABEL C. SANFORD.

Bristol.   October 26, 1914. — December 31, 1914.

Present: RUGG, C. J., LORING, SHELDON, DeCOURCY, & CROSBY, JJ.

*Fraud. Husband and Wife. Equity Jurisdiction,* Fraud as against creditors, Resulting trust. *Trust,* Resulting.

In a suit in equity by a trustee in bankruptcy against the wife of his bankrupt to set aside a conveyance by the bankrupt through a third person to the defendant of the equity of redemption of a farm on the ground that it was fraudulent against creditors at common law under St. 13 Eliz. c. 5, it appeared that the farm had been bought with money earned by the defendant and had been put in her husband's name to be held by him for her benefit, that the defendant, also with money from her own earnings, paid off a mortgage upon the farm, that thereafter the defendant, in order to help her husband, joined in a mortgage of the farm made by her husband by releasing her dower rights upon the condition that the equity should be conveyed through a third person to her, which was done, her husband then being heavily in debt but the conveyance being made more than four months before he was adjudicated a bankrupt. There was no fraudulent purpose in making the conveyance. *Held,* that on these facts a finding was warranted that the conveyance of the equity to the defendant was in satisfaction of an equitable obligation of her husband toward her, which constituted a good consideration, and that the conveyance was a valid one as against her husband's creditors.

Where a married woman out of her own earnings has bought and paid in full for a farm, of which the title is taken in the name of her husband but which is carried on wholly by her and equitably is her property, a voluntary transfer by her husband to her through a third person of a cow and an express wagon, which " were bought with the proceeds of the farm, so that they were held the same as the

farm, namely as the property of the [wife] in equity," is valid at common law as against the creditors of the husband, although he was heavily in debt when he made the transfer.

RUGG, C. J. This suit was heard by a judge of the Superior Court, who made findings of fact and entered a decree chiefly in favor of the defendant. The plaintiff appealed. The evidence is not reported. Hence the findings of fact must be accepted as final. Upon this state of the record the only matters open are that the decree does not correspond with the allegations and prayers of the bill (or since St. 1883, c. 223, § 10, now R. L. c. 159, § 12, with general relief possible under the bill and prayers) and could not have been entered lawfully on the facts found, and that the conclusions reached are incompatible with other facts found. *Kerse v. Miller,* 169 Mass. 44. *First Baptist Society in Brookfield v. Dexter,* 193 Mass. 187, 189. The plaintiff relies upon the two latter grounds.

The plaintiff, the trustee in bankruptcy of Isaac B. Sanford, the husband of the defendant, seeks to set aside a conveyance of real estate and transfer of personal property made by the bankrupt through an intermediary to his wife more than four months before his bankruptcy. The facts as found by the judge are that the defendant earned money with which certain real estate was purchased many years ago, title being taken in the name of the husband under such circumstances that he held it in trust for the wife. This parcel subsequently was sold and its proceeds devoted to the purchase of other and more valuable real estate, title of this being taken also in the husband's name but under circumstances which made him trustee for her, she being in equity the true owner. This was an eight acre place occupied by the wife and her husband as a home, but managed entirely by her. She cultivated the land and operated it as a small farm, employed and paid all the help, raised and sold produce and from the proceeds paid off a mortgage upon the property and its taxes. The entire cost was paid either out of the proceeds of the sale of the first parcel, which represented her earnings, or out of the income of the second place, the result wholly of her frugality, industry and sound judgment in carrying on the farming business which she there conducted. The husband did no work on the farm of any consequence, but carried on the business of contractor and builder for many years. He kept his financial affairs to himself and his wife knew nothing about

them until about February 1, 1913, when she learned that he was in debt and signed in release of her dower a mortgage for $1,000 made by him upon the real estate in question, upon the understanding that the proceeds should be paid to his creditors and upon condition that the equity of redemption should be conveyed to her as soon as he was able, he then being ill. She supposed that this $1,000 would pay substantially all he owed. On February 26, 1913, being then heavily in debt, he conveyed the land through a third person to the defendant, by deeds which were recorded forthwith. In conclusion the judge found that, "taking into account the necessary inference and the usual presumption arising from a case of this nature," the plaintiff failed to show by a fair preponderance of the evidence that this conveyance to the defendant was in fraud of the husband's creditors.

It was alleged in the plaintiff's bill that the husband obtained credit on the strength of being the record owner of this real estate, but as there is no finding supporting this averment, that fact must be assumed against the plaintiff. Hence, it is not necessary to determine what would be the governing principles of law if this had been shown.

The conveyance in question, having been made more than four months before the adjudication in bankruptcy, is attacked not as being void under the bankruptcy act, but as having been fraudulent as to existing creditors at common law under St. 13 Eliz. c. 5. The ordinary rule is that where one deeply in debt or insolvent, by a voluntary conveyance puts his property out of the reach of his creditors, he is presumed to intend the natural consequence of that act, which is to defeat, defraud, hinder and delay his creditors. *Gray* v. *Chase,* 184 Mass. 444. Where, however, there is in fact no fraudulent purpose and a conveyance is made upon some legal consideration, it is not necessarily void, inadequacy of consideration usually not being conclusive evidence of fraud. *F. & M. Schaefer Brewing Co.* v. *Moebs,* 187 Mass. 571. Whether a conveyance is fraudulent or not primarily is a question of fact. The facts all having been determined in favor of the defendant, the conveyance must stand unless other facts incontestibly render it contrary to law. *Matthews* v. *Thompson,* 186 Mass. 14. Here the wife had released her dower right by joining in the execution of the mortgage of the real estate by the husband just before the convey-

ance to her upon the condition that the equity should be transferred to her. The proceeds of this mortgage inured to the benefit of the creditors, who thereby received something to which under the other findings, they were not entitled. This was the release of a valuable right, to which in any event the creditors of the husband had no claim, assuming that there was no trust in favor of the wife. *Fitcher* v. *Griffiths,* 216 Mass. 174.

The finding that the husband held the legal title to the land in trust for the wife is not inconsistent with all the circumstances disclosed. The money, with which the land was bought and the mortgages upon it paid, came entirely from her earnings, derived either from wages for labor performed or from profits of her labor and good judgment combined in the management of the little farm. In the absence of express agreement to the contrary, this money as it was earned all belonged to her. R. L. c. 153, § 4. The husband may be found to hold, as trustee for her, property in his hands, but in truth belonging to her. *Woodard* v. *Woodard,* 216 Mass. 1. The defendant's claim to hold the property now as of right rests on the familiar principle that where one pays for real estate, but the conveyance is to another, a resulting trust arises in favor of the one who pays the purchase price against the grantee named in the deed, who is treated as subject to the obligations of a trustee. *Howe* v. *Howe,* 199 Mass. 598, 601.

It is not necessary to determine whether, if the property had remained in the husband's name, the wife could have enforced the trust in equity. It having been found that there was no fraudulent purpose in the transfer, the conveyance in satisfaction of this equitable obligation on his part toward her constituted a sufficient consideration and was valid as against his creditors. *Bancroft* v. *Curtis,* 108 Mass. 47. *Atlantic National Bank* v. *Tavener,* 130 Mass. 407. *Garner* v. *Second National Bank of Providence,* 151 U. S. 420. *Wheeler & Wilson Manuf. Co.* v. *Litwin,* 12 Dick. 660. Therefore it is unnecessary for the defendant to rely upon the circumstance that in a sense the trust has become executed and hence whether it would have been enforceable in equity has become immaterial. Equity will not undertake ordinarily to set aside a real trust binding upon the conscience of the trustee and by him carried into effect. *Bailey* v. *Wood,* 211 Mass. 37.

In this connection the circumstance that no certificate was filed showing that the wife was doing the business of carrying on the farm on her own account is immaterial. The proceeds were actually in her possession long before the bankruptcy of the husband.

The title of the wife to the personal property stands on footing no less secure than does that of the real estate. A part of it apparently was bought directly in her name from the proceeds of the farm. So far as it was in the husband's name, but bought with her moneys, it is governed by the same principle as the real estate.*

In the able brief filed in behalf of the plaintiff are collected a large number of cases from other jurisdictions. It is not necessary to review or to distinguish them. Most, if not all, of them rest upon a phase of the doctrine of estoppel, to the effect that the conduct of the wife in permitting the husband to hold the legal title to property has enabled him to obtain credit which otherwise would not have been accorded to him, a factor which, as has been pointed out, is absent in the case at bar.

*Decree affirmed with costs.*

*C. E. Tilly* of Rhode Island, (*R. C. Estes* with him,) for the plaintiff.

*S. P. Hall,* (*E. L. Parker* with him,) for the defendant.

---

* The judge found that a cow and an express wagon "were bought with the proceeds of the farm, so that they were held the same as the farm, namely as the property of the defendant in equity."