LIBERTY TRUST COMPANY *vs.* CATHERINE A. HAYES & another.

Suffolk.    December 5, 1922. — March 2, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Trust,* Resulting.  *Evidence,* Competency.   *Husband and Wife.   Equity Jurisdiction,* To reach and apply property conveyed in fraud of creditors.  *Estoppel. Fraud.*

A resulting trust is created by operation of law and arises when the purchase money for property is paid by one person and the legal title is taken in the name of another.   Per PIERCE, J.

At the hearing of a suit in equity to reach and apply, in satisfaction of a judgment owed to the plaintiff by a wife, real estate which she had conveyed to her husband, the judge found, on evidence warranting the finding, that in 1903 the husband purchased the property for $3,000, paying therefor $2,000 which he had saved from his earnings and $1,000 from $2,600 which he had raised by a co-operative bank mortgage, using the other $1,600 of the loan for repairs on the property; that he made monthly payments to the co-operative bank until the mortgage was paid and discharged in 1915; that when the property was purchased the husband and the wife had a conversation about it and the deed was put in her name; that the wife paid no part of the purchase price; that from his earnings the husband paid all taxes upon the property and all expenses relating to it; that the deed was delivered to him by the grantor and he kept it, the wife never having had possession of it.   Subject to exceptions by the plaintiff, the husband was permitted to testify that, when the mortgage was discharged in 1915, he had told his wife in the presence of his adult children "that the house was free and clear, but, of course, now, it was my property." There was no evidence of any reply by the wife.   Subject to a further exception by the plaintiff there was admitted in evidence a conversation between the husband and the wife in the presence of their children in

1917 in which he said in substance that he had learned that some one had signed her name to a note, and stated, "You will have to return this house back to me, because I am inclined to think there will be trouble," and that she had said that she never had thought that the property belonged to her. The parties forthwith went to the office of an attorney and she conveyed the property to him. *Held,* that

(1) The conversations between husband and wife in 1915 and 1917 were competent and admissible evidence;

(2) G. L. c. 203, § 1, did not make such evidence inadmissible, the wife not electing to treat the conveyance to her as an unenforceable trust;

(3) A finding by the judge that, when the property was conveyed to the wife "in 1903 she did not receive it as a gift but took it upon a resulting trust in favor of her husband, and held the title for his exclusive benefit, and that there was an understanding between them that she would reconvey it to him when he requested her to do so," was warranted;

(4) The judge having found, upon sufficient evidence, that the husband did not know the wife was assuming any obligation to the plaintiff and that he requested a return of the property to him as soon as he was informed of it, and that the conveyance from the wife to the husband was not made in fraud of creditors, the husband was not estopped to claim title to the property.

BILL IN EQUITY, filed in the Superior Court on February 25, 1921, to reach and apply toward the satisfaction of a judgment debt owed to the plaintiff by the defendant Catherine A. Hayes, real estate which she had conveyed to her husband, the defendant Timothy F. Hayes.

In the Superior Court, the suit was heard by *Keating,* J., a commissioner having been appointed under Equity Rule 35 to take the evidence. Material evidence, findings by the judge and exceptions saved by the plaintiff to rulings as to evidence are described in the opinion. By order of the judge, a decree was entered dismissing the bill with costs to the defendant. The plaintiff appealed.

*W. R. Bigelow,* (*F. N. Adams* with him,) for the plaintiff.

*F. Burke,* (*J. P. Bell* with him,) for the defendants.

PIERCE, J. This is a suit in equity by the Liberty Trust Company, a judgment creditor of the defendant Catherine A. Hayes, to have the land numbered 345 West Fourth Street, South Boston, sold and the proceeds applied in payment of its said judgment and the costs of all proceedings, on the ground that said property was conveyed and transferred by Catherine A. Hayes to her husband, the defendant Timothy F. Hayes, without consideration, in fraud of creditors and of the plaintiff, and with intent to defeat and defraud the plaintiff. The suit was heard by a judge of the

Superior Court; the evidence was taken by a commissioner and is reported; the judge made findings of fact and entered a decree "that the plaintiff's bill be dismissed with costs to the defendants taxed in the sum of $23.62." The plaintiff appealed.

The question in dispute is concerned with the capacity in which Mrs. Hayes received the property and with her right to turn it over to her husband. Fully supported by the testimony, the material facts found by the judge are that the husband bought the premises in question in 1903 for $3,000, which he paid with $2,000 saved from his earnings and with $1,000 which he borrowed on a co-operative bank mortgage loan on the premises of $2,600; that he spent the remaining $1,600 for necessary repairs on the house; that he made monthly payments to the co-operative bank; that on July 28, 1915, the mortgage debt was fully paid and the mortgage was discharged; that when he bought the property he and his wife had a conversation about the purchase, and the deed was put in her name; that she paid no part of the consideration for the property; that from his earnings he paid all taxes assessed upon the property and all expenses on account of it; that the deed was delivered to him by the grantor and was kept by him; that his wife never had possession of it; that when the mortgage debt was paid in 1915 the husband told his wife in the presence of their children, then ten to twenty years of age, "that the house was free and clear, but, of course, now, it was my property." The record does not disclose that the wife made any reply to the explicit assertion of the husband that the house was now his property.

In 1917 just prior to the conveyance of the property to the husband, in the presence of their children he had a conversation with his wife concerning which he testified: "I told her that it had come to my knowledge during the day that some one had used her name on a note, and I said: 'You will have to return this house back to me, because I am inclined to think there will be trouble.'" Mrs. Hayes testified of this conversation: "Mr. Hayes came home and said to me: 'Ma — ' before he told me what the trouble was, he said: 'Ma, who owns this house?' I said: 'Why you!' And he said: 'Are you willing to give it back to me?' I said: 'I never thought it belonged to me.' And then he said: 'All right. I am afraid you are going to get into trouble, and if you think this house belongs to me, and you feel that way about it,

then you better turn the house over to me.' I said: 'I did n't know I ever had the house.'" The defendants then went directly to an attorney's office and the deed from Catherine A. Hayes to Timothy F. Hayes was made on July 7, 1917, by which Catherine A. Hayes conveys "in my own right" to Timothy F. Hayes, her husband.

At the trial the plaintiff seasonably excepted to the conversations had in 1915 and 1917, on the ground that the declaration of Mr. Hayes in 1915 was no evidence that Mrs. Hayes took the property twelve years before upon a resulting trust; and on the further ground that the mere silence of Mrs. Hayes when the husband made his declaration of ownership is not a declaration of trust. As to the conversation in 1917 the plaintiff contends that it was no evidence of a resulting trust in 1903; and as to both conversations, that the evidence was inadmissible to establish an express trust when the conveyance was made to the wife, or at the time of either conversation, because an express trust can be created only by an instrument in writing.

We think the evidence in each instance was properly admitted. A resulting trust is created by operation of law and arises when the purchase money for property is paid by one and the legal title is taken in the name of another. It results from the presumed intention of the parties where there is no expressed intention. "And the nature of the trust which the law implies from the circumstances is not changed because the parties have actually made an agreement between themselves respecting the real estate, precisely identical with the one which the law imputes to them." *Corr's Appeal from Commissioners*, 62 Conn. 403, 408. Where the conveyance is to a wife at the direction of her husband, who buys, there is a rebuttable presumption of fact that the wife takes the property as an advancement or gift. *Pollock* v. *Pollock*, 223 Mass. 382. The provision of Gen. Sts. c. 100, § 19, Rev. Sts. c. 59, § 30, G. L. c. 203, § 1, that "No trust concerning land, except such as may arise or result by implication of law, shall be created or declared unless by a written instrument signed by the party creating or declaring the trust or by his attorney" does not, require that an express trust in land shall be created by deed or writing but merely that it shall be manifested or proved by writing. *Urann* v. *Coates*, 109 Mass. 581, 585. *Bailey* v. *Wood*,

211 Mass. 37, 44. In a word, a parol trust in land is not a nullity save at the election of the trustee. *Bailey* v. *Wood, supra.* The conversations were plainly admissible as tending to prove that the conveyance in 1903 was not intended as a gift or advancement to the wife; and both conversations were admissible in evidence to prove that the wife received the title upon an express agreement or understanding that she would transfer the property to the husband when the mortgage debt was paid or at any time when requested. The finding of the judge that "Upon the evidence and the inferences to be drawn therefrom, I find that when the property was conveyed to her in 1903 she did not receive it as a gift but took it upon a resulting trust in favor of her husband, and held the title for his exclusive benefit, and that there was an understanding between them that she would reconvey it to him when he requested her to do so," was fully warranted. Assuming a resulting trust or an express trust when the property was conveyed in 1903, the reconveyance to the husband in 1917 was a conveyance upon a consideration which the law recognizes and was the performance of an equitable obligation which the court, so far as possible, will protect. *Briggs* v. *Sanford,* 219 Mass. 572, 575. *Hutchins* v. *Mead,* 220 Mass. 348.

The contention of the plaintiff, that the husband is estopped to claim title to the property as against the plaintiff and other creditors because he allowed his wife to hold herself out as the owner of the property and thereby the plaintiff gave her credit on the strength of her appearance of ownership, is overcome by the finding of the judge, upon sufficient evidence, that the husband did not know the wife had assumed any obligation to the plaintiff and that he requested a return of the property to him as soon as he was informed of it. The further finding that the conveyance was not made in fraud of creditors upon the evidence was warranted in law upon the facts found.

*Decree dismissing the bill with costs affirmed with costs.*