CHARLES A. FERGUSON *vs.* WINCHESTER TRUST COMPANY & others.

Suffolk. April 4, 8, 1929. — May 31, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Bankruptcy,* Trustee's rights. *Equity Jurisdiction,* Conveyance in fraud of creditors. *Fraud. Trust. Frauds, Statute of. Husband and Wife. Wills, Statute of. Deed,* Consideration.

During the married life of a husband and wife, the husband turned over all his earnings to the wife, who deposited them in a bank in her own name and disbursed them for their joint support and for household expenses. The wife earned no money and made no contributions to the common fund. Real estate was purchased and taken in the wife's name, in part with such money and in part with money borrowed by the husband. To the knowledge of their only child, a son, it was understood between them that all the property was a "joint account"

which should belong to the survivor of them until he or she "was through with it, and then if there was anything left," it should go to the son. Shortly after the death of the wife, intestate, the son, while insolvent, and intending to give effect to the oral understanding between the husband and wife but without intent to hinder, delay or defraud his creditors, conveyed to the father all his interest in the real and personal property, title to which stood in the wife's name at her death. The father did not know of the insolvency of the son. In a suit thereafter commenced by the trustee in bankruptcy of the son's estate to have declared void the conveyance by the son, it was contended by the husband that the property was impressed with a trust in his favor. *Held,* that

(1) Although there was no resulting trust in the property in favor of the husband and although the trust relied upon by him was an express oral trust which would have been unenforceable by him by reason of the statute of frauds, the conveyance made by the son to give effect to the oral understanding, having been executed, in the circumstances could not be disturbed by the trustee in bankruptcy of the son's estate: it was made upon a valid consideration;

(2) The circumstance, that an enforceable contract could not be made between the husband and the wife, did not require that the conveyance be set aside;

(3) There was nothing to show that the understanding between the husband and wife was for the purpose of evading the statute of wills;

(4) The bill properly was dismissed.

BILL IN EQUITY, filed in the Superior Court on August 20, 1927, and described in the opinion.

The suit was heard by *Greenhalge,* J., a stenographer having been appointed under G. L. c. 214, § 24; Equity Rule 29 (1926). Material facts found by the judge are stated in the opinion. By his order, a final decree was entered dismissing the bill. The plaintiff appealed.

*J. M. Kendricken,* (*S. J. Freedman* with him,) for the plaintiff.

*W. M. Hurd,* for the defendants.

SANDERSON, J. This is a suit by the trustee in bankruptcy of William H. Edwards to have declared void a conveyance by William H. Edwards of a two-thirds interest in the estate of his mother, Rhoda Edwards, to Alfred J. Edwards, his father, and to have that interest adjudged to be a part of the estate of the bankrupt. The contentions of the defendant Alfred J. Edwards are that the real and personal property standing in his wife's name at the time of her decease was impressed with a trust for their joint benefit. Mrs. Ed-

wards died intestate in September, 1926, and her husband was
appointed administrator of her estate.   On December 1, 1926,
William H. Edwards, the only child of his parents, conveyed
to his father his interest in the real estate in question and
also transferred to him any interest he had in the personal
property consisting of money in banks.   On March 31, 1927,
William H. Edwards filed a voluntary petition in bank-
ruptcy, and on the same date was adjudicated a bankrupt.
His parents when they were married more than forty years
ago were not possessed of any considerable property.   Alfred
J. Edwards turned over to his wife all his earnings, which she
deposited in the bank in her own name and disbursed from
time to time for their joint support and for the expenses of
the household.   The real estate was purchased in part with
funds turned over by Alfred J. Edwards to his wife and in
part with money borrowed by him.   The purchases were
negotiated by him, although the property in each case was
conveyed to his wife.   She never earned any money and
made no contribution to the common fund.   It was under-
stood between the husband and wife that the property, both
real and personal, was "a joint account," and that the sur-
vivor should receive everything that was left until he or she
"was through with it, and then if there was anything left"
it was to be equally divided among the children.   This
understanding was known to their son, and his purpose in
conveying and transferring his interest in the real and per-
sonal property to his father was to give effect to such under-
standing.   The judge who heard the case found that the
sums of money from time to time given by Alfred J. Edwards
to his wife were not gifts or advancements to her but were
turned over to her for their mutual benefit, and ruled that,
in respect of such funds and of the real estate referred to, a
trust was created for their joint benefit, and that upon the
decease of his wife the trust property belonged to Alfred J.
Edwards.   At the time of the conveyances and transfers
William H. Edwards knew of his insolvent condition.   There
was no evidence that Alfred J. Edwards then knew or had
reasonable cause to believe that the son was insolvent, and
the judge stated that for that reason he did not find such

knowledge or cause to believe on the father's part. He declined to find that William H. Edwards intended to hinder, delay or defraud his creditors by making the assignments and conveyances referred to. A final decree dismissing the bill with costs was entered.

Upon the facts found there was no resulting trust in Alfred J. Edwards, the property having been placed in his wife's name in part for her own benefit. *Pollock* v. *Pollock*, 223 Mass. 382. *Sigel* v. *Sigel*, 238 Mass. 587. The trust relied upon by him was an expressed trust not in writing. Such a trust would be unenforceable because of the statute of frauds. That statute does not require that a trust in land be created by deed but only that it be manifested or proved by writing. *Urann* v. *Coates*, 109 Mass. 581, 585. A conveyance of property to carry out the terms of an oral trust in land is upon a consideration which the law recognizes. It is the performance of an equitable obligation which the court so far as possible will protect. *Hutchins* v. *Mead*, 220 Mass. 348, 349. *Liberty Trust Co.* v. *Hayes*, 244 Mass. 251. When such conveyance has been made it will be valid against creditors of the grantor unless the facts are such as to give rise to the doctrine of estoppel. *Briggs* v. *Sanford*, 219 Mass. 572, 575. *Hutchins* v. *Mead, supra.* When the trust has been executed "it is not necessary to inquire whether it might have been enforced." *Hutchins* v. *Mead, supra.*

The statute of frauds cannot be invoked to defeat an estate conveyed. *Bailey* v. *Wood*, 211 Mass. 37. In the case last cited there was a definite understanding and agreement between the deceased and her brother that she should not make a will, but should allow her property to pass by descent to him to be by him distributed to his wife and children. She refrained from making a will in reliance upon his promise to make distribution as requested. After her death her brother, then being insolvent, in performance of what he considered to be his duty and obligation, distributed the whole estate to his wife and children, transferring certain mortgages on real estate to his daughter as part of her share. The court held that when an oral trust has been fully executed it may be proved by oral evidence even if it concerns land, and that

the distribution and transfers made in execution of a valid trust withdrew from creditors of the brother no property to which his trustee in bankruptcy was entitled.  The court said at page 42: "The intention of the parties, that when received the property was to be disposed of in a particular way and for the sole benefit of those who had been designated as beneficiaries, being manifest, no precise form of words was necessary to create a trust."

The fact that husband and wife cannot make a valid contract with each other does not require the court to set aside conveyances made to carry out the understanding between them as to the title to property held by the wife for their joint account.  The question whether a trust could or could not have been enforced by the husband is not a controlling consideration.  *Bancroft* v. *Curtis*, 108 Mass. 47, 49. "Equity will not undertake ordinarily to set aside a real trust binding upon the conscience of the trustee and by him carried into effect." *Briggs* v. *Sanford, supra.   Hutchins* v. *Mead, supra.*  The facts in this case distinguish it from *English* v. *English*, 229 Mass. 11.

The trust found to exist in the case at bar was not in violation of the statute of wills.   See *Bailey* v. *Wood, supra.*  The complete legal title to the property was in Mrs. Edwards, and there is nothing to show that it was the understanding of herself and husband that the arrangement between them was intended to be testamentary in character or that the purpose was to evade the statute of wills.   *Stone* v. *Hackett*, 12 Gray, 227.   *Jones* v. *Old Colony Trust Co.* 251 Mass. 309.   We interpret the findings to mean that throughout the married life of the parties whenever earnings of the husband were placed in the hands of the wife they were received with the understanding that they were then impressed with the trust obligation.   The son took such title as he had subject to an unenforceable oral trust; he made the conveyances and transfers to give effect to the understanding of the parties and in recognition of his father's equitable right; the title thereby gained by his father was upon a consideration which is recognized by the law and cannot be disturbed in these proceedings.

*Decree affirmed with costs.*