ROBERT G. WALLACE

v.

**HERBERT F. KILBRIDE and
HERMINIA M. KILBRIDE, Appellants**

# No. 14,149

## United States Court of Appeals

Third Circuit

# Argued at Christiansted January 31, 1963
# Decided June 20, 1963

*See, also, 319 F.2d 760*

WARREN H. YOUNG, ESQ. (YOUNG & ISHERWOOD), Christiansted, St. Croix, Virgin Islands, *for appellants*

RUSSELL B. JOHNSON, ESQ. (JOHNSON & TEN EYCK), Christiansted, St. Croix, Virgin Islands, *for appellee*

Before MARIS, WOODBURY and HASTIE, *Circuit Judges*

MARIS, *Circuit Judge*

The defendants Herbert F. Kilbride and his wife, Herminia M. Kilbride, appeal from a judgment entered in the District Court of the Virgin Islands in a suit brought by plaintiff Robert G. Wallace against Kilbride, Mrs. Kilbride and Beron, Inc., in which two claims for relief were asserted, one for $8,483.63 allegedly due the plaintiff from Kilbride and Beron, Inc. and the other to have set aside as fraudulent and void a transfer by Kilbride to Mrs. Kilbride of his undivided one-half interest in a vessel called the Brigand. The case was tried without a jury. The trial judge found that Kilbride was indebted to plaintiff in the amount of $8,483.63 and that the transfer to Mrs. Kilbride of Kilbride's one-half interest in the vessel was fraudulent and void as to creditors. No finding was made in respect to defendant Beron, Inc. A judgment was thereupon entered against Kilbride in the amount of $8,483.63. The judgment also declared the transfer of Kilbride's one-half interest in the Brigand null and void. Both Kilbride and Mrs. Kilbride have appealed. On this appeal they urge that the trial judge erred in holding Kilbride liable to the plaintiff and in holding to be fraudulent and void the transfer of the one-half interest in the Brigand which was in his name.

The plaintiff had contracted to build certain houses in the Virgin Islands. On March 10, 1960, he entered into a subcontract with Kilbride to build a house in Christiansted, St. Croix. On May 16, 1960 he entered into two other subcontracts with Kilbride, one of them to build a house in

482

Grove Place, St. Croix, and the other to build six houses in St. Thomas. Kilbride had been engaged in the building business in the Virgin Islands under the name of Beron Construction Company and the subcontracts were signed by him in that trade name. In November 1959 Kilbride had organized a corporation, Beron, Inc., and at some time after the subcontracts were signed the name "Beron Construction Co." was crossed out in each of them and "Beron, Inc." substituted as the name of the subcontractor. The evidence is conflicting as to when, why and by whom this was done and the trial judge made no findings on the subject. It is clear, however, that about four days after the last two subcontracts were signed Mr. and Mrs. Kilbride went to Europe leaving the work in the hands of Bernard McGarry, the purchasing agent of Beron, Inc., who drew upon funds deposited by the plaintiff in the bank account of Beron, Inc., for payroll and other building expenses.

When Kilbride returned from Europe about seven weeks later he found the construction work behind schedule and it became necessary for the plaintiff to advance funds in addition to the amounts called for by the subcontracts in order that the work might be completed. The work was ultimately completed and the plaintiff demanded reimbursement for the additional funds thus advanced. After some negotiation it was agreed that the plaintiff was entitled to $8,483.63 on this account and on June 6, 1961 in the office of plaintiff's counsel Kilbride signed the following writing:

"The undersigned hereby agrees that the amount of Eight Thousand Four Hundred Eighty-three and 63/100 ($8483.63) Dollars is the sum now due and owing to Robert G. Wallace as the result of three subcontracts and related matters. The three contracts are dated May 16, 1960, March 10, 1960 and May 16, 1960. These subcontracts involve six (6) houses in Estate East Thomas, St. Thomas, one (1) house at 21 East Street, Christiansted, St. Croix, and one (1) house at Lot 31A, Princess Quarter, Grove Place, St. Croix.

"The consideration for the promise of the undersigned to pay this sum is the withholding of suit and an extension of time granted within which to pay the debt. The above-named creditor will withhold suit for a reasonable time and in the event the debtor makes some reasonable effort to pay the same, then no suit will be commenced.

[S] HERBERT F. KILBRIDE
_____
Herbert F. Kilbride

Dated at Christiansted, St. Croix
this 6th day of June 1961."

Six days later, on June 12, 1961, a document dated and acknowledged on March 3, 1961, transferring Kilbride's one-half interest in the Brigand to Mrs. Kilbride, was recorded with the Collector of Customs in St. Thomas. The vessel had been purchased in April 1960 for $16,500 of which $8,000 was paid in cash by Mrs. Kilbride and the balance of $8,500 was secured by a mortgage on Mrs. Kilbride's real estate which she later paid in full. At the time of the purchase of the boat the bill of sale was made out to Kilbride and Mrs. Kilbride jointly. There is a conflict in the testimony as to whether Kilbride's name was included by mistake or by direction of Mrs. Kilbride and the trial judge made no findings on the subject. The testimony is uncontradicted, however, that the entire purchase price, including the balance secured by mortgage, was paid by Mrs. Kilbride from her own funds derived from her own earnings and inherited property. On July 19, 1961 the present action was brought by plaintiff against Kilbride and Mrs. Kilbride. Subsequently the complaint was amended by adding the corporation, Beron, Inc., as a party defendant.

Kilbride's defense, inter alia, was that the plaintiff had contracted with defendant, Beron, Inc., which corporation he admitted was liable for the amount claimed, and that when he signed the writing of June 6, 1961, he thought he was signing it on behalf of Beron, Inc. and that he had

been assured that he would have sufficient time to make payment, which he thought would be from one to two years. This testimony is, however, contradicted by the plain language of the writing itself which clearly expresses the promise of the "undersigned" to pay the plaintiff the sum of $8,483.63, and the "undersigned" is Herbert F. Kilbride who signed individually and without any indication that he was acting in a representative capacity. The trial judge found as a fact that Kilbride entered into this writtten agreement with the plaintiff and we can see no error in that finding. The consideration for the agreement was the plaintiff's forbearance for a reasonable time from suing for the debt. The plaintiff did forbear from bringing suit until July 19, 1961, a period of more than six weeks after the agreement was signed. The trial judge apparently concluded that this was a reasonable time to wait and certainly we cannot say that it was an unreasonably short time in view of the fact that the plaintiff discovered in the interim that Kilbride had recorded a transfer of a valuable asset, the one-half interest in the Brigand, which he apparently had previously owned. The district court accordingly did not err in entering judgment against Kilbride in the amount of $8,483.63.

We come then to the other issue in the case, namely, whether the trial judge erred in concluding that Kilbride's transfer of the one-half interest in the Brigand to Mrs. Kilbride was fraudulent as to creditors and in adjudging it to be null and void. It is Mrs. Kilbride's contention that the Brigand was solely her property, that the one-half interest which had been placed in Kibride's name when the vessel was purchased was held by him for her and not for himself, and that his transfer of this interest to her in 1961 was, therefore, merely in confirmation of her ownership and not the transfer of an asset of his which might otherwise have been available to his creditors.

As we have seen, the entire purchase price of the

Brigand was paid by Mrs. Kilbride out of her own personal funds. Moreover, as we have pointed out, there was no finding by the trial judge that Mrs. Kilbride directed that Kilbride's name be included as a transferee of the vessel for the purpose of making a gift to him of a one-half interest in it. Indeed there is no evidence from which such a finding could be made. Under the circumstances it must be concluded that a trust in favor of Mrs. Kilbride resulted from the transfer of the one-half interest in the Brigand to her husband.

 It is the general rule in the Virgin Islands that where a transfer of property is made to one person and the purchase price is paid by another, a resulting trust arises in favor of the person by whom the purchase price is paid, unless a contrary intention is manifested.[1] If, however, the transferee is a wife, child or other natural object of the bounty of the person by whom the purchase price is paid a resulting trust does not arise unless the latter manifests an intention that the transferee should not have the beneficial interest.[2] And where a transfer of property is made to one person and another pays the purchase price in order to accomplish an illegal purpose, as, for example, to defraud his creditors or the government, a resulting trust may not necessarily arise.[3] However, in a case, such as the one now before us, where the wife pays the purchase price and the property is transferred to the husband the general rule applies that a resulting trust arises in favor of the wife unless a contrary intention is manifested.[4]

[1] Restatement of Trusts, Second, §§ 440, 441. The restatement states the rules of the common law which are to be applied in the courts of the Virgin Islands in the absence of local laws to the contrary. 1 V.I.C. § 4.

[2] Restatement of Trusts, Second, §§ 442, 443.

[3] Restatement of Trusts, Second, § 444.

[4] Restatement of Trusts, Second, § 442, Comment a. See also Wright v. Wright, 1909, 242 Ill. 71, 89 N.E. 789; Dixon v. Dixon, 1914, 123 Md. 44, 90 A. 846, 850–851; Kelly Springfield Tire Co. v. Lester, 1925, 190 N.C. 411, 130 S.E. 45; Keaton v. Pipkins, 10 Cir. 1930, 43 F.2d 497; Schwarz v. United States, 4 Cir. 1951, 191 F.2d 618, 621–622; Rayher v. Rayher, 1953, 14 N.J. 174, 101 A.2d 524, 43 A.L.R.2d 909; Graham v. Onderdonk, 1960, 33 N.J. 356, 164 A.2d 749; 54 Am. Jur., Trusts, § 205; Scott on Trusts, 2d ed. Vol. IV § 442.

It follows that the bill of sale of a one-half interest in the Brigand which Kilbride signed on March 3, 1961, at Mrs. Kilbride's request as she testified, and which was recorded on June 12, 1961, must be held to have been given in execution of the resulting trust which had arisen in her favor when the one-half interest in the Brigand had been transferred to him in 1960. It was, therefore, not a transfer of Kilbride's own property to which his creditors could object or which could properly be regarded as fraudulent within the meaning of section 4 of the Uniform Fraudulent Conveyance Act.[5] In this regard we are in accord with the views expressed by the Supreme Court of New Hampshire in Merchants Nat. Bank v. Sullivan, 1951, 96 N.H. 430, 78 A.2d 508, 510–511, as follows:

"The ruling that the establishment of a resulting trust would be material only as between husband and wife, and not as against this plaintiff was erroneous. If a trust resulted, then the equitable interest of the wife in the premises was, at least *pro tanto*, 'fair consideration' for the conveyance made to her. Keaton v. Pipkins, 10 Cir. 43 F.2d 497; see Citizens Nat. Bank v. Hermsdorf, [96] N.H. [389], 77 A.2d 862. To the extent to which she was beneficial owner of the property, conveyance to her was merely execution of the trust, Owings v. Laugharn, 53 Cal. App.2d 789, 128 P.2d 114, and operated to deprive the husband's creditors of no assets of his. 'Where one person pays the purchase price for a conveyance of land to another, the resulting trust in favor of the payor may, of course, be cut off by a transfer of the land to a bona fide purchaser. Creditors are not purchasers for value, and creditors of the trustee cannot enforce their claims against the trust property.' 3 Scott, Trusts § 459; 2 Id. § 308.

"The provisions of the uniform fraudulent conveyances act do not alter this principle. 'If the property transferred is not subject to the claims of creditors, the rules as to fraudulent conveyances do not apply. * * * A transfer by a husband to his wife of property which belongs to her legally or equitably is not fraudulent as to his creditors.' Kummet v. Thielen, 210 Minn.

[5] 28 V.I.C. § 204.

302, 306, 298 N.W. 245, 247. 'It is the performance of an equitable obligation which the court so far as possible will protect. * * *' Ferguson v. Winchester Trust Co., 267 Mass. 397, 400, 166 N.E. 709, 710, 64 A.L.R. 573. See also, R.L. c. 419, § 11; Liberty Trust Co. v. Hayes, 244 Mass. 251, 138 N.E. 582; Garner v. Second Nat. Bank, 151 U.S. 420, 14 S.Ct. 390, 38 L.Ed. 218; 9 Uniform Laws Annotated 342, note 12; Glenn Fraudulent Conveyances, § 369; McLaughlin, 46 Harv. L. Rev. 404, 413."

To the same effect is Graham v. Onderdonk, 1960, 33 N.J. 356, 164 A.2d 749. See also In re Rogal, D.C. 1953, 112 F. Supp. 712, 716–717; 24 Am. Jur., Fraudulent Conveyances, § 108.

It follows that the district court erred in adjudging the transfer in question to be void.

So much of the judgment of the district court as adjudged the transfer by the defendant Herbert F. Kilbride of a one-half interest in the "Brigand" to be null and void and of no legal effect will be reversed. In all other respects the judgment will be affirmed.