In re Joseph A. GUSTIE, Jr.

The FIRST NATIONAL BANK OF BOSTON, Plaintiff/Appellant,

v.

Frank R. GUSTIE, personal representative of Joseph R. Gustie, Frank R. Gustie and Isabelle M. Gustie, individually, Defendants/Appellees.

Civ. No. 83–2652–G.

United States District Court, D. Massachusetts.

Jan. 13, 1984.

Richard J. Mercer, Boston, Mass., for plaintiff-appellant.

James M. Liston, Berton Emmons, Kaye Fialkow, Richmond & Rothstein, Francis Matera, Corwin & Corwin, John Keefe, Vena, McNamara & Keefe, David Wiess, Goulston & Storrs, Boston, Mass., for defendants-appellees.

## MEMORANDUM OF DECISION AFFIRMING DISMISSAL BY BANKRUPTCY COURT

GARRITY, District Judge.

The First National Bank of Boston ("Bank") appeals from the Bankruptcy Court's dismissal of the Bank's complaint, 32 B.R. 466, which alleged that the transfer

of certain real estate by the debtor, Joseph A. Gustie, Jr., to his brother and sister-in-law, Frank and Isabelle Gustie, was a fraudulent conveyance under Mass.G.L. c. 109A, § 4, and 11 U.S.C. § 107(d)(2) (repealed 1978). The court held that the conveyance was not fraudulent because Joseph Gustie held only bare record title to the property pursuant to an oral trust of which Frank Gustie was the beneficiary. The Bank's appeal rests on five grounds.

The first ground is that the dismissal was "contrary to law and to the evidence presented at trial." The Bank seems to identify three legal errors committed by the Bankruptcy Court. First, the Bank argues that the court erroneously relied upon a theory of constructive trust in support of its holding. We need not address this argument, however, because the constructive trust theory was clearly an alternative rationale for the court's holding, and we conclude that the primary rationale, performance of an oral trust, was legally correct.

■■■ Next, the Bank argues that the Bankruptcy Court erroneously "substituted a nebulous oral 'trust' obligation, admittedly not enforceable by the courts" for the fair consideration required by Mass.G.L. c. 109A, § 4. This argument ignores *Liberty Trust Co. v. Hayes,* 1923, 244 Mass. 251, 255, 138 N.E. 582, in which the court stated:

> Assuming . . . an express [oral] trust when the property was conveyed [to the trustee] the reconveyance to the [beneficiary] was a conveyance upon a consideration which the law recognizes and was the performance of an equitable obligation which the court, so far as possible, will protect. [citations omitted]

The general rule is that a conveyance in accordance with an oral trust is not fraudulent as to creditors of the trustee. *Perkins v. Hilton,* 1952, 329 Mass. 291, 293, 107 N.E.2d 822 (citing cases).

■■■ The Bank also argues that the bankruptcy judge's analysis of the estoppel issue was erroneous. The issue is whether Frank Gustie, having permitted Joseph Gustie to gain credit on the strength of his apparent ownership of the property, is now estopped from claiming ownership himself. *See Briggs v. Sanford,* 1914, 219 Mass. 572, 576, 107 N.E. 436; *Hutchins v. Mead,* 1915, 220 Mass. 348, 349, 108 N.E. 67. The court relied on alternative independent principles in determining that Frank Gustie was not estopped from claiming ownership: first, that

> Where . . . the beneficiary is in possession of the real estate held in title by the other at the time the creditor extends credit, the creditor is charged with notice of the beneficiary's equitable interest. The creditor is charged with notice of the beneficiary's claim because he is bound to ascertain the interest of one who is in full possession of the property.

We express no opinion on the validity of this principle, but rather rely on the court's second reason for not applying the estoppel doctrine:

> [T]he doctrine of estoppel does not apply to bar the beneficiary's claim of ownership where creditors of the oral trustee extend credit not in reliance on the trustee's apparent ownership but on his general credit. *O'Gasapian v. Danielson,* 1933, 284 Mass. 27, 187 N.E. 107.

*See* Restatement, Second, Trusts § 313. Among its findings of fact, the Bankruptcy Court found that the Bank did not rely on Joseph Gustie's apparent ownership of the property in extending him credit. Instead, the court found that the Bank relied on his entire financial history, credit and past dealings with the Bank. This finding of fact is not clearly erroneous, *see Evans v. United States,* 1 Cir.1963, 319 F.2d 751, and supports the judge's conclusion.

■■■ The Bank's second ground for appeal is that the Bankruptcy Court received evidence inadmissible under the statute of frauds (Mass.G.L. c. 203, § 1), the parole evidence rule and the statute relating to trusts in realty (Mass.G.L. c. 203, § 3). The statute of frauds argument is without merit. Oral trusts of land are rendered unenforceable by Mass.G.L. c. 203, § 1, but that statute does not prevent the parties from recognizing the oral understanding by con-

veying the land in accordance with it. *Trovato v. Walsh*, 1973, 363 Mass. 533, 535, 295 N.E.2d 899; Restatement, Second, Trusts § 43. Where the trustee conveys the trust property to the beneficiary, the oral trust becomes fully executed and is valid and enforceable despite the statute of frauds. *Bailey v. Wood*, 1912, 211 Mass. 37, 44–45, 97 N.E. 902.

■ The Bank's argument based on Mass.G.L. c. 203, § 3, is similarly unpersuasive. The statute states:

> *Purchasers without notice.* No trust concerning land, whether implied by law or created or declared by the parties, shall defeat the title of a purchaser for a valuable consideration without notice of the trust, or prevent a creditor who has no notice of the trust from attaching the land or from taking it on execution as if no such trust existed.

The Bank contends that the Bankruptcy Court's decision fails to give effect to the provision protecting "a creditor who has no notice of the trust." But the Bank did not attach the property in question until November 8, 1978, six months *after* Joseph Gustie reconveyed it to Frank and Isabelle Gustie. By the time the Bank obtained its attachment the trust had been fully completed. Thus, § 3 is inapplicable to this case.[1]

■ The Bank also submits that the Bankruptcy Court violated the parole evidence rule when it admitted evidence of the oral trust. This argument fails, however, because the evidence in question was not offered to contradict the deed, but to establish the motive for the conveyance, *Ward v. Grant*, 1980, 9 Mass.App. 364, 401 N.E.2d 160, and to rebut the Bank's allegation of a fraudulent conveyance, *Massachusetts Electric Company v. Pacific National Investment Corporation*, 1980, 9 Mass.App. 752, 404 N.E.2d 1258. *Ranicar v. Goodwin*, 1951, 326 Mass. 710, 96 N.E.2d 853, is not to the contrary. That case simply holds that the trustee of an oral trust regarding land can

rely on a statute of frauds defense if he chooses not to perform.

■ Finally, the Bank argues that the Bankruptcy Court erred in (1) permitting counsel for the defendants to testify without disqualifying him from further representation; (2) refusing to receive certain exhibits into evidence; and (3) denying the Bank's motion for admission of additional exhibits. As to the first point, we believe that even if the Bankruptcy Court committed an error, the Bank was not prejudiced by permitting the testimony. The court stated that Attorney Matera's testimony was admitted only on the question of credibility of another witness, not for its substantive value. Furthermore, the attorney only testified about a single conversation evidencing the oral trust and it is apparent from the Bankruptcy Court's findings of fact that it relied on other evidence in finding an oral trust. See especially pages 469–471 of Bankruptcy Court's opinion. We have considered the Bank's two remaining evidentiary arguments and conclude that there was no error by the Bankruptcy Court.

For the foregoing reasons, the judgment of the Bankruptcy Court is affirmed.

---

1. Even if the attachment had preceded the transfer, we question whether § 3 would protect an attaching creditor absent reliance. *See* Restatement, Second, Trusts § 313.